# EXHIBIT 1



# Service of Process Transmittal
04/08/2019
CT Log Number 535251087

| | |
|---|---|
| **TO:** | Legal Department<br>USHealth Administrators, LLC<br>300 Burnett St Ste 200<br>Fort Worth, TX 76102-2734 |
| **RE:** | **Process Served in West Virginia** |
| **FOR:** | Freedom Life Insurance Company of America  (Domestic State: TX) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DARLINE LIGHT and RANDALL LIGHT, Pltfs. vs. UNIFIED CARING ASSOCIATION, INC., et al., Dfts. // To: Freedom Life Insurance Company of America |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | BOONE COUNTY - CIRCUIT COURT, WV<br>Case # 19C41 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Charleston, WV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/08/2019 postmarked on 04/03/2019 |
| **JURISDICTION SERVED:** | West Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | John J. Polak<br>ATKINSON & POLAK, PLLC<br>P. O. Box 549<br>Charleston, WV 25322<br>(304) 346-5100 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780135436119<br><br>Image SOP<br><br>Email Notification,  James L Jackson  jacksonj@ushealthgroup.com<br><br>Email Notification,  Lisa Silvia  silvial@ushealthgroup.com<br><br>Email Notification,  Erica Gibbs  gibbsE@ushealthgroup.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1627 Quarrier St<br>Charleston, WV 25311-2124<br>302-658-7581/7582/7583 |

Page 1 of  1 / RK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CERTIFIED MAIL

U.S. POSTAGE >> PITNEY BOWES

ZIP 25311 $ 006.40
02 4W
0000336734 APR 03 2019

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

**USPS CERTIFIED MAIL™**



9214 8901 1251 3410 0002 4971 46

FREEDOM LIFE INSURANCE COMPANY OF AMERICA
C. T. Corporation System
1627 QUARRIER ST.
CHARLESTON, WV 25311-2124

**Control Number:** 236629

**Defendant:** FREEDOM LIFE INSURANCE
COMPANY OF AMERICA
1627 QUARRIER ST.
CHARLESTON, WV 25311-2124 US

**Agent:** C. T. Corporation System
**County:** Boone
**Civil Action:** 19-C-41
**Certified Number:** 92148901125134100002497146
**Service Date:** 4/2/2019

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your authorized insurance company as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

BOONE COUNTY
CIRCUIT CLERK
SUE ANN ZICKEFOOSE

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

2019 MAR 27 PM 12: 22

DARLINE LIGHT and
RANDALL LIGHT,

RECEIVED

    Plaintiffs,

v.

Civil Action No. 19-C-41

UNIFIED CARING ASSOCIATION, INC.,
FREEDOM LIFE INSURANCE
COMPANY OF AMERICA, and
ACE HEALTH ASSOCIATES LLC,



    Defendants.

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**    **FREEDOM LIFE INSURANCE
COMPANY OF AMERICA
CT Corporation System
1627 Quarrier Street
Charleston, WV 25311-2124**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon John J. Polak, plaintiff's attorney, whose address is P.O. Box 549, Charleston, West Virginia, 25322-0549, an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true and exact copy of which is herewith delivered to you. You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: March 27, 2019                              Sue Ann Zickefoose
                                                                            Clerk of the Court

                                                                            Mary Mitchell
                                                                            Deputy Clerk

BOONE COUNTY
CIRCUIT CLERK
SUE ANN TICKERPOOSE

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

2019 MAR 27 FM 12: 22

RECEIVED

DARLINE LIGHT and
RANDALL LIGHT,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　Civil Action No. 19-C-41

UNIFIED CARING ASSOCIATION, INC.,
FREEDOM LIFE INSURANCE
COMPANY OF AMERICA, and
ACE HEALTH ASSOCIATES LLC,

    Defendants.

## COMPLAINT

1.    Plaintiff Darline Light is an individual and resident of Boone County, West Virginia.

2.    Plaintiff Randall Light is an individual and resident of Boone County, West Virginia and is the husband of plaintiff Darline Light.

3.    Defendant Unified Caring Association, Inc. is an Arizona corporation with its principal place of business in Mount Shasta, California.

4.    Defendant Freedom Life Insurance Company of America is a Texas corporation with its principal place of business in Fort Worth, Texas.

5.    Defendant Ace Health Associates LLC is a Florida limited liability company with its principal place of business in Coral Springs, Florida. Coral Springs is in Broward County, Florida.

6.    In or around August 2015, plaintiff Randall Light sought to purchase health insurance to cover himself and his wife, plaintiff Darline Light.

7.    As a part of his search for health insurance coverage, plaintiff Randall Light provided certain information, including his name and telephone number, to an internet website.

8.    Thereafter, plaintiff Randall Light received a telephone call from a male

individual who said that his name was Tab Walters. The person who identified himself as Tab Walters claimed to be an insurance agent.

9. During the telephone conversation with plaintiff Randall Light, the person who identified himself as Tab Walters indicated that his phone number was 754-201-2686. The Area Code 754 is used in Broward County, Florida.

10. Defendant Ace Health Associates LLC has registered to do business in the State of West Virginia. In its registration with the West Virginia Secretary of State's Office, defendant Ace Health Associates LLC lists its business purpose under the category of "Finance and Insurance."

11. In its registration with the West Virginia Secretary of State's Office, defendant Ace Health Associates LLC lists a female individual named Tabytha Walters as one of its managers.

12. Tabytha Walters is licensed as an "Insurance Producer" with the West Virginia Office of the Insurance Commissioner. Tabytha Walters' West Virginia license lists her business phone number as 754-201-2687.

13. Tabytha Walters is also licensed as an insurance agent or producer in other states, including the State of Maine. Tabytha Walters' Maine license lists her business phone number as 754-201-2686.

14. Tabytha Walters' West Virginia license lists defendant Ace Health Associates LLC as an "Active Designated Responsible Licensee Affiliation" and lists Tabytha Walters as an affiliated "Active Owner, Partner, Officer, [or] Director" of defendant Ace Health Associates LLC.

15. Defendant Ace Health Associates LLC is licensed as an "Business Entity" with the West Virginia Office of the Insurance Commissioner. Defendant Ace Health Associates LLC's West Virginia license lists its business phone number as 754-201-2687.

16. At all times herein mentioned, the telephone number 754-201-2686 was used by the defendant Ace Health Associates LLC.

17. At all times herein mentioned, the person who identified himself as Tab Walters was acting as an agent and/or apparent agent of the defendant Ace Health Associates LLC and was acting within the scope of the agency and/or apparent agency.

18. At all times herein mentioned, the person who identified himself as Tab Walters

2

was also acting as an agent and/or apparent agent of the defendants, Unified Caring Association, Inc. and Freedom Life Insurance Company of America, and was acting within the scope of the agency and/or apparent agency.

19. At all times herein mentioned, defendant Ace Health Associates LLC was acting as an agent and/or apparent agent of the defendants, Unified Caring Association, Inc. and Freedom Life Insurance Company of America, and was acting within the scope of the agency and/or apparent agency.

20. During the telephone conversation with plaintiff Randall Light, the person who identified himself as Tab Walters offered a health insurance product referred to as the Optimum One Health plan to the plaintiffs.

21. During the telephone conversation with plaintiff Randall Light, the person who identified himself as Tab Walters instructed Mr. Light to take notes about the description of the Optimum One Health plan that was the subject of the telephone offering.

22. As instructed by the person who identified himself as Tab Walters, plaintiff Randall Light did take notes about the terms of the Optimum One Health plan as described in the telephone conversation.

23. During the telephone conversation with plaintiff Randall Light, the person who identified himself as Tab Walters made the following representations about the Optimum One Health plan:

   a. That it was a "Bridge Plan" not on a contract;

   b. That the Lights would pay month to month for the coverage under the plan;

   c. That it was a part of the "Multi Plan PPO" with four major carriers and that the Lights could pick their own doctor or hospital;

   d. That the plan's benefits included dental, vision, hearing and chiropractic coverage;

   e. That the plan provided $300,000 of Accidental Death and Disbursement coverage;

   f. That, under the plan, there would be no co-pay for the first and second doctor visits and a $25 to $35 co-pay for subsequent doctor visits;

   g. That diagnostic testing, blood work and lab work were all included in the plan's coverage;

   h. That the plan's benefits included full hospitalization coverage;

   i. That, under the plan, prescription drugs would cost $10 or less for generic and $25 or less for name brand;

   j. That the plan's hospitalization provisions would cover ICU and CCU admissions and that emergency room visits would have a $100 co-pay;

   k. That a 12-month pre-existing conditions limitation would not apply;

   l. That the plan was a "Group PPO" and that the Lights would do not have to take a physical to qualify for coverage;

   m. That the plan provided for a thirty-day waiting period, if possible, for surgery, except for emergency surgery; and

   n. That the plan provided for a thirty-day review period on all billing statements.

   24. During the telephone conversation with plaintiff Randall Light, the person who identified himself as Tab Walters also informed plaintiff Randall Light that the Lights would have to pay a one time "enrollment fee" of $99.95 and that the premium for participation in the Optimum One Health plan would cost the Lights $274.55 per month.

   25. During the telephone conversation with plaintiff Randall Light, the person who identified himself as Tab Walters also informed plaintiff Randall Light that the plaintiffs' coverage under the Optimum One Health plan would take effect on September 2, 2015.

   26. In reliance on the representations made by the person who identified himself as Tab Walters, plaintiff Randall Light agreed to enroll his wife, plaintiff Darline Light, and himself in the Optimum One Health plan.

   27. In reliance on the representations made by the person who identified himself as Tab Walters, plaintiff Randall Light gave the number of the plaintiffs' Green Dot Prepaid Card to the person who identified himself as Tab Walters, and authorized the payment of the enrollment fee and the first month's premium payment on the Green Dot Prepaid Card.

   28. After agreeing to purchase the Optimum One Health plan, plaintiffs received two "PPO Network & Member Insurance Card[s]" in the mail. The cards indicated that coverage was provided by and that claims should be submitted to defendant Freedom Life Insurance Company of America and that the Optimum One Health plan was a part of the "Freedom Series" provided by defendant Unified Caring Association, Inc.

29. In reliance on the representations made by the person who identified himself as Tab Walters, plaintiffs believed and expected that they had purchased the health insurance coverage that had been described in the telephone conversation with plaintiff Randall Light.

30. In reliance on the representations made by the person who identified himself as Tab Walters, plaintiffs continued to pay the full monthly premium payment on their Green Dot Prepaid Card for the remainder of 2015, all of 2016, and the first six months of 2017. Plaintiffs did not attempt to use the coverage provided by the Optimum One Health plan in 2015 or 2016.

31. On or about April 11, 2017, plaintiff Darline Light went to Boone Memorial Hospital in Madison, Boone County, West Virginia because she was in need of medical services. Plaintiff Darline Light presented her insurance card for the Optimum One Health plan to Boone Memorial Hospital prior to her admission to the hospital.

32. On or about April 11, 2017, a representative of Boone Memorial Hospital called the telephone number on the insurance card and spoke with a person named Sheena seeking pre-authorization for admission and treatment of plaintiff Darline Light. Sheena informed Boone Memorial Hospital that pre-authorization was not required for any service including observation or in-patient admission. Sheena did not advise Boone Memorial Hospital of any limitations on the coverage provided by the Optimum One Health plan.

33. In reliance on all of the representations set forth above, plaintiff Darline Light was admitted to Boone Memorial Hospital for medical treatment on April 11, 2017.

34. Plaintiff Darline Light subsequently received further medical treatment from Boone Memorial Hospital and other medical providers in April, May and June of 2017.

35. Boone Memorial Hospital and the other medical providers submitted claims to defendant Freedom Life Insurance Company of America, seeking payment for the services provided to plaintiff Darline Light.

36. From April 25, 2017 through July 5, 2017, defendant Freedom Life Insurance Company of America issued Explanation of Benefits ("EOB") letters informing the plaintiffs and the medical providers about the claims submitted by Boone Memorial Hospital and the other medical providers.

37. In those EOBs, defendant Freedom Life Insurance Company of America rejected 28 of the 29 submitted claims, finding that those claims were "excluded charges" for a multitude

of different reason and that the plaintiffs were entitled to "0.00" as the "Benefit Amount" on each of the 28 rejected claims.

38. The one claim that defendant Freedom Life Insurance Company of America did not completely reject was a claim by Boone Memorial Hospital for payment for services rendered to plaintiff Darline Light from April 14, 2017 through April 17, 2017. The total charge for the services rendered by Boone Memorial Hospital for that claim was $1,350.00. The EOB issued by defendant Freedom Life Insurance Company of America stated that the "Benefit Amount" for the services rendered was $750.00 and that the remaining $600.00 of that claim constituted "Excluded Charges."

39. As documented by the EOBs issued between April 25, 2017 and July 5, 2017, defendant Freedom Life Insurance Company of America paid a total of $750.00 under the Optimum One Health plan that plaintiffs had purchased and rejected a total of $23,195.70. In the EOBs issued between April 25, 2017 and July 5, 2017, defendant Freedom Life Insurance Company of America indicated that the plaintiffs were personally responsible to Boone Memorial Hospital and the other medical providers for the $23,195.70 in rejected claims.

40. Prior to the rejection by defendant Freedom Life Insurance Company of America of the above-referenced claims in April, May, June and July of 2017, plaintiffs were not aware that the Optimum One Health plan did not provide the coverage that was described by the person who identified himself as Tab Walters in the 2015 the telephone conversation with plaintiff Randall Light, and were not aware of any limitations or exclusions of coverage in the Optimum One Health plan other than those described in the 2015 telephone conversation.

41. As a direct and proximate result of defendants' actions as set forth above, plaintiffs have been left with personal financial responsibility for the unpaid claims, as well as aggravation, annoyance, inconvenience, humiliation, embarrassment and worry from being forced to deal with their medical creditors as well as the impairment of their credit rating.

42. The acts of the agents and/or apparent agents as set forth above were ratified by the defendants as principals.

## Count 1

### Intentional Misrepresentation/Fraud

43. Plaintiffs reallege and incorporate by reference all of the allegations of paragraphs 1 through 42 of this Complaint.

44. Through the conduct more particularly described in paragraphs 1 to 42 of this Complaint, defendants, their agents and/or their apparent agents intentionally misrepresented the Optimum One Health plan that plaintiffs purchased.

45. Alternatively, if defendant Ace Health Associates LLC, was not acting as an agent and/or apparent agent of the defendants, Unified Caring Association, Inc. and Freedom Life Insurance Company of America, then defendants, Ace Health Associates LLC, Unified Caring Association, Inc. and Freedom Life Insurance Company of America, were engaged in a civil conspiracy by engaging in concerted action to intentionally misrepresent the Optimum One Health plan to the plaintiffs to induce the plaintiffs to purchase the plan.

46. Plaintiffs reasonably relied, to their detriment, on the statements and actions of defendants, their agents and/or their apparent agents and/or their co-conspirators as described above.

47. The actions and inactions of defendants, their agents and/or their apparent agents and/or their co-conspirators as asserted herein were willful, wanton, malicious and in intentional and/or reckless disregard of plaintiffs' rights and defendants' own obligations and duties under the law.

48. As a direct and proximate result of defendants' conduct, plaintiffs have suffered substantial damages, including economic loss, aggravation, annoyance, inconvenience, humiliation, embarrassment, worry and other damages.

**WHEREFORE**, plaintiffs demand judgment against defendants jointly and severally, as follows:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Prejudgment interest as provided by law from the date this cause of action accrued;

d. Their costs and attorney fees expended in the prosecution of this case; and

e. Such other and further relief as may be just and proper.

## Count 2
### Constructive Fraud

49. Plaintiffs reallege and incorporate by reference all of the allegations of paragraphs 1 through 48 of this Complaint.

50. Defendants owed legal and equitable duties to the plaintiffs in connection with the Optimum One Health plan that the plaintiffs purchased.

51. Through the conduct more particularly described in paragraphs 1 to 42 of this Complaint, defendants, their agents and/or their apparent agents breached their duties to plaintiffs and, even if done without intent to deceive, defendants, their agents and/or their apparent agents did deceive plaintiffs and thus defendants' actions constitute constructive fraud.

52. Plaintiffs reasonably relied on the information provided to them by defendants, their agents and/or their apparent agents.

53. As a direct and proximate result of defendants' conduct, plaintiffs have suffered substantial damages, including economic loss, aggravation, annoyance, inconvenience, humiliation, embarrassment, worry and other damages.

**WHEREFORE**, plaintiffs demand judgment against defendants jointly and severally, as follows:

a. Compensatory damages in an amount to be determined by a jury;

b. Prejudgment interest as provided by law from the date this cause of action occurred;

c. Their costs and attorney fees expended in the prosecution of this case; and

d. Such other and further relief as may be just and proper.

## Count 3
### Negligent Misrepresentation

54. Plaintiffs reallege and incorporate by reference all of the allegations in paragraphs 1 through 53 of this Complaint.

55. Defendants had a pecuniary interest in the transactions described in this Complaint.

8

56. Through the conduct more particularly described in paragraphs 1 to 42 of this Complaint, defendants, their agents and/or their apparent agents. negligently and carelessly supplied false, misleading, inaccurate and/or erroneous information to the plaintiffs for the guidance of the plaintiffs in their business transactions related to the Optimum One Health plan.

57. Plaintiffs reasonably relied on the information provided to them by defendants, their agents and/or their apparent agents.

58. As a direct and proximate result of defendants' conduct, plaintiffs have suffered substantial damages, including economic and pecuniary loss and other damages.

**WHEREFORE**, plaintiffs demand judgment against defendants jointly and severally, as follows:

a. Compensatory damages in an amount to be determined by a jury;

b. Prejudgment interest as provided by law from the date this cause of action occurred;

c. Their costs and attorney fees expended in the prosecution of this case; and

d. Such other and further relief as may be just and proper.

### Count 4
### Joint Venture Liability

59. Plaintiff realleges and incorporates by reference all of the allegations in paragraphs 1 through 58 of this Complaint.

60. Alternatively, if defendant Ace Health Associates LLC, was not acting as an agent and/or apparent agent of the defendants, Unified Caring Association, Inc. and Freedom Life Insurance Company of America, then defendants, Ace Health Associates LLC, Unified Caring Association, Inc. and Freedom Life Insurance Company of America, were engaged in a joint venture to sell the Optimum One Health plan for profit.

61. As members of the joint venture, defendants, Ace Health Associates LLC, Unified Caring Association, Inc. and Freedom Life Insurance Company of America, are each liable to the plaintiffs for the consequences of any and all misrepresentations made to the plaintiffs about the Optimum One Health plan by one or more members of the joint venture, regardless of whether such misrepresentations were intentional or negligent.

62. Plaintiffs reasonably relied on the information provided to them by one or more members of the joint venture.

63. As a direct and proximate result of the conduct of one or more members of the joint venture, plaintiffs have suffered substantial damages, including economic loss, aggravation, annoyance, inconvenience, humiliation, embarrassment, worry and other damages.

**WHEREFORE**, plaintiffs demand judgment against defendants jointly and severally, as follows:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Prejudgment interest as provided by law from the date this cause of action accrued;

d. Their costs and attorney fees expended in the prosecution of this case; and

e. Such other and further relief as may be just and proper.

## Count 5
### Professional Negligence

64. Plaintiff realleges and incorporates by reference all of the allegations in paragraphs 1 through 63 of this Complaint.

65. Defendant Ace Health Associates LLC, and its agents and employees held themselves out to be insurance professionals in their dealings with the plaintiffs.

66. Defendant Ace Health Associates LLC and its agents and employees owed a duty to plaintiffs to exercise reasonable skill, care and diligence in effecting health insurance coverage for the plaintiffs.

67. Defendant Ace Health Associates LLC and its agents and employees acted negligently and carelessly, and in breach of their professional duty to the plaintiffs, in effecting health insurance coverage for the plaintiffs.

68. As a direct and proximate result of defendants' conduct, plaintiffs have suffered substantial damages, including economic loss, aggravation, annoyance, inconvenience, humiliation, embarrassment, worry and other damages.

**WHEREFORE**, plaintiffs demand judgment against defendant Ace Health Associates LLC, as follows:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Prejudgment interest as provided by law from the date this cause of action occurred;

    c.    Their costs and attorney fees expended in the prosecution of this case; and

    d.    Such other and further relief as may be just and proper.

## Count 6
### Breach of Contract/Reasonable Expectation of Coverage

69.    Plaintiff realleges and incorporates by reference all of the allegations in paragraphs 1 through 68 of this Complaint.

70.    The insurance cards and welcome letter sent to the plaintiffs by defendants Unified Caring Association, Inc. and Freedom Life Insurance Company of America, as well as any other documents that purported to represent the coverage provided by the Optimum One Health plan, were misleading and/or ambiguous.

71.    Alternatively, the plaintiffs reasonably relied on the representations made by the person who identified himself as Tab Walters about the coverage provided by the Optimum One Health plan.

72.    The plaintiffs had a reasonable expectation that the coverage provided by the Optimum One Health plan was the same coverage that was described by the person who identified himself as Tab Walters.

73.    Defendant Freedom Life Insurance Company of America breached its contract of insurance with the plaintiffs by failing to provide the coverage that was described by the person who identified himself as Tab Walters, and by failing to pay the claims submitted by Boone Memorial Hospital and the other medical providers.

74.    As a direct and proximate result of the breach, plaintiffs have suffered substantial damages, including economic loss resulting from dealing with defendant's breach of contract, aggravation, annoyance and inconvenience, consequential and incidental damages and other damages.

**WHEREFORE**, plaintiffs demand judgment against defendant Freedom Life Insurance Company of America, as follows:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Prejudgment interest as provided by law from the date this cause of action occurred;

    c.    Their costs and attorney fees expended in the prosecution of this case; and

    d.    Such other and further relief as may be just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES.**

DARLINE LIGHT and
RANDALL LIGHT,
By Counsel

*/s/ John J. Polak*

John J. Polak (WVSB #2929)
ATKINSON & POLAK, PLLC
P. O. Box 549
Charleston, WV 25322-0549
(304) 346-5100

Matthew M. Hatfield (WVSB #8710)
HATFIELD & HATFIELD, PLLC
P.O. Box 598
Madison, WV 25130
(304) 369-1162